UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DORIS BONET,**

 *Plaintiff*,

**v.**

**JOEL J. TARASIUK,** *et al.*,

 *Defendants.*

Civ. No. 23-01399 (MAJ)

## OPINION AND ORDER

**I. Introduction**

 This negligence action is brought by Doris Bonet ("Plaintiff") against Joel J. Tarasiuk et al. ("Defendants") under Article 1536 of the Puerto Rico Civil Code.[1] (**ECF No. 1 at 10 ¶ 44**). Plaintiff's Complaint (the "Complaint") alleges Defendants are liable for negligently causing injury to Plaintiff, who stayed as a guest at a rental property belonging to Defendants in August 2022.

 Before the Court is a Motion for Summary Judgment (the "Motion") submitted by Defendants. (**ECF No. 39**). In the Motion, Defendants argue that Plaintiff has failed to raise a genuine issue of material fact as to whether Defendants breached a duty of care owed to Plaintiff. The Court disagrees. After examining the record and controlling law, the Court **DENIES** Defendants' Motion for Summary Judgment.

---

[1]  As this District has previously noted, "Article 1802 of the Puerto Rico Civil Code of 1930, Puerto Rico's previous tort statute, was replaced by Article 1536 when the new Puerto Rico Civil Code came into effect in 2020. Article 1536, however, contains the same elements as its predecessor, thereby leaving the tort statute practically unchanged. Therefore, all caselaw referencing or analyzed under the now defunct Article 1802 remains in effect and will be applied to any actions brought pursuant to Article 1536 of the Puerto Rico Civil Code of 2020." *Dumanian v. FirstBank Puerto Rico*, No. 22-cv-1543 (CVR), 2024 WL 197429, at *3 (D.P.R. Jan. 17, 2024) (citing 31 L.P.R.A. § 10801).

## II.     Facts [2]

On April 9, 2022, Plaintiff made a booking at the rental property in question from August 15, 2022, to August 23, 2022. (**ECF No. 39-1**); (**ECF No. 44-4 at 2 ¶ 10**). Defendants operate that property as a short-term rental unit. (**ECF No. 1 at 2 ¶¶ 3–5**); (**ECF No. 9 at 1 ¶¶ 3–4**); (**ECF No. 19 at 1 ¶ 5**); (**ECF No. 20 at 1 ¶ 5**).

On August 18, 2022, while staying at the Defendants' rental property, Plaintiff suffered an injury to her leg. (**ECF No. 39-1 at 2 ¶ 16**); (**ECF No. 44-4 at 3 ¶ 16**).[3] When she sustained the injury, Plaintiff was returning to her bedroom from an adjacent bathroom. (**ECF No. 39-1 at 2 ¶ 18**); (**ECF No. 44-4 at 3 ¶ 18**). Upon re-entering the bedroom, Plaintiff hit her leg against the corner of the bed frame. (**ECF No. 39-1 at 3 ¶ 20**); (**ECF No. 44-4 at 3 ¶ 20**). As a result of the collision, Plaintiff sustained a cut on

---

[2]     In making findings of fact, the Court analyzed Plaintiff's Complaint (**ECF No. 1**), Defendants' Answers to the Complaint (**ECF Nos. 9, 19, 20**), Defendants' Motion for Summary Judgment (**ECF No. 39**), Defendants' Statement of Uncontested Material Facts (**ECF No. 39-1**), Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (**ECF No. 44**), Plaintiffs' Response to Defendant's Statement of Uncontested Material Facts (**ECF No. 44-4**), Defendants' Reply (**ECF No. 46**), Plaintiff's Sur-reply (**ECF No. 48**), relevant exhibits to these filings, and the totality of the record.

Pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 56(c), the Court has only credited material facts that are properly supported by a record citation and are uncontroverted. Under Local Rule 56, "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Under the Rule, "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation[.]" D.P.R. Loc. Civ. R. 56(c). Local Rule 56(c), also known as the "anti-ferret rule," is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo P.R. LLC*, 64 F.4th 22, 26 (1st Cir. 2023). Although, "violations of this local rule are astoundingly common and constitute an unnecessary burden to the trial court's docket and time[,]" *id.* at 26, "compliance with Local Rule 56 is a mandate, not a suggestion." *Ramirez-Rivera v. DeJoy*, 693 F. Supp. 3d 210, 213 (D.P.R. 2023). Accordingly, where a fact set forth by the movant has not been properly controverted, it will be deemed admitted. *See* D.P.R. Loc. Civ. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").

[3]     As to nearly every fact set forth as undisputed in Defendants' Statement of Uncontested Material Facts, Defendants preface the statement of fact with the qualifier that Plaintiff "complained", "claimed", "described" or "alleged" the relevant fact. Where Defendants fail to provide a record citation that calls any such fact into genuine dispute, the fact is deemed uncontroverted. *See* Local Rule 56(c).

her leg. (**ECF No. 39-1 at 4 ¶ 35**); (**ECF No. 44-4 at 5 ¶ 35**); (**ECF No. 39-2 at 35:24–25**).

Plaintiff subsequently went to the hospital to receive treatment for the wound. (**ECF No. 39-1 at 4 ¶ 37**); (**ECF No. 44-4 at 6 ¶ 37**). After returning home to New York, Plaintiff required further medical intervention because the wound was infected. (**ECF No. 39-1 at 5 ¶ 51**); (**ECF No. 44-4 at 8 ¶ 51**); (**ECF No. 39-1 at 6 ¶ 57**); (**ECF No. 44-4 at 9 ¶ 57**). Plaintiff now seeks compensation for her injuries on the theory that Defendants negligently furnished the rental unit with a bed frame that posed an unreasonable and foreseeable risk of harm to guests. (**ECF No. 44 at 9**) ("Defendants should have reasonably foreseen, that in its existing condition, the bed frame was defective since it had a hazard which was a sharp edge hard to visually detect by [Defendants'] rental property guests").

The parties dispute the condition of the bed frame that caused Plaintiff's injury. The Complaint describes the "deep laceration" Plaintiff suffered as something that occurred "due to the sharp edges in part of said furniture[.]" (**ECF No. 1 at 5 ¶¶ 17–18**). The Plaintiff has produced some evidentiary support for that allegation. Specifically, Plaintiff has produced medical reports indicating that she sustained a "deep wound" when she collided with the bed frame, (**ECF No. 44-3 at 2**), pictures of the bed frame in question, (**ECF No. 44-1**), and an affidavit asserting that the bed frame had "a split between the corner woods . . . [and] had small pieces of laminate missing and felt very sharp to the touch." (**ECF No. 44-2 at 1 ¶¶ 7–8**).[4]

---

[4]　　This allegation is drawn from the affidavit of Victoria Joan Corchado ("Corchado Affidavit"), who alleges that the bed frame in question had "a split between the corner woods[,]" "small pieces of laminate missing[,]" and was "very sharp to the touch." (**ECF No. 44-2 at 1 ¶¶ 7–8**). Defendant invokes the so-called "sham affidavit rule" and urges the Court to strike the Corchado Affidavit from the record. (**ECF No. 46 at 4**). Yet the "sham affidavit" rule, which may be invoked to strike a last-minute affidavit that

Defendant, on the other hand, asserts that "there was nothing wrong with the property nor with the bed or its frame." (**ECF No. 39 at 7–8**). Defendant cites to deposition statements made by Plaintiff, who asserted that she had not noticed "anything unusual about the bed frame before the incident[,]" (**ECF No. 39-2 at 36:5–9**), that the bed frame "was more of a round edge" compared to the bed frame in Plaintiff's own home, *id*. at 37:15–18, and that at the time of the incident she "couldn't see" whether the bed had "any sharp edges or protrusions." *Id*. at 36:10–17.

Plaintiff filed this action on August 9, 2023, seeking damages for her injury. (**ECF No. 1**). On October 15, 2024, Defendants filed the instant Motion for Summary Judgment. (**ECF No. 39**). Pursuant to Local Rule 56, Defendants simultaneously filed a Statement of Uncontested Material Facts as an attachment to the Motion, (**ECF No. 39-1**), along with supportive evidentiary exhibits (**ECF No. 39-2 – ECF No. 39-11**). On November 16, 2024, Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment ("Response"). (**ECF No. 44**). Attached to the Response, Plaintiff filed an Opposing Statement of Uncontested Material Facts, (**ECF No. 44-4**), as well as supportive evidentiary exhibits (**ECF No. 44-1 – ECF No. 44-3**). On November 19,

---

contradicts prior deposition testimony, is not applicable where there is neither a prior deposition nor a conflicting subsequent affidavit. *Cf. Reyes v. Pro. HEPA Certificate Corp.*, 74 F. Supp. 3d 489, 492 (D.P.R. 2015) (Noting that, under the sham affidavit rule, "[i]n determining whether the testimony constitutes an attempt to manufacture an issue of fact so as to defeat summary judgment, the court may consider the timing of the affidavit, as well as the party's explanation for the discrepancies"). Moreover, the Court does not find that Defendants have been subjected to any unfairness. As Plaintiff explained in reply to Defendants' "sham affidavit" argument, Ms. Corchado was named as a potential fact witness in Plaintiff's Rule 26 disclosures as well as in Plaintiff's answers to interrogatories. Defendants are responsible for their failure to depose Ms. Corchado, and that failure does not render her affidavit a "sham." Instead, the standard set forth in Rule 56(c)(4) controls the admissibility of the affidavit statements at issue. *See* FED. R. CIV. P. RULE 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). As there is no doubt that the relevant portions of the Corchado Affidavit are made on personal knowledge, those statements will not be struck from the record.

2024, Defendants filed a reply, (**ECF No. 46**), and on November 25, 2024, Plaintiff filed a sur-reply. (**ECF No. 48**).

### III. Summary Judgment Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61, 68 (1st Cir. 2021). "A genuine dispute is one that a reasonable factfinder could resolve in favor of either party." *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015)). "A fact is material if it has the potential of affecting the outcome of the case." *Taite v. Bridgewater State Univ., Bd. of Trustees*, 999 F.3d 86, 93 (1st Cir. 2021) (cleaned up).

To win summary judgment on a particular issue, the moving party must show that "there is an absence of evidence to support" the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). This burden is met "when the moving party demonstrates that the opposing party has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *E.E.O.C. v. Kohl's Dept. Stores, Inc.*, 774 F.3d 127, 131 (1st Cir. 2014) (internal quotations and citation omitted).

In opposing the motion for summary judgment, Plaintiff "bears the burden of producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Furthermore, the

Court must review the record as a whole and avoid assessing the credibility or gauging the weight of the evidence presented. *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014).

The goal of "summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 56 (1st Cir. 2021). In short, for the Defendants to prevail on summary judgment, they "must demonstrate that, even admitting well-pleaded allegations in the light most favorable to Plaintiff, the applicable law compels a judgment in [their] favor." *Vega-Martínez v. Hosp. San Antonio Inc.*, No. 18-cv-1055, 2022 WL 4539850, at *3 (D.P.R. Sept. 28, 2022).

## IV. Applicable Law and Analysis

Under Puerto Rico law, Article 1536 provides a cause of action for negligence. 31 L.P.R.A. § 10801. A claim for negligence has three elements which the plaintiff must prove: (1) the defendant breached a legal duty, and (2) the defendant's breach caused the plaintiff to suffer (3) an injury. *See Horowitz v. Luxury Hotels Int'l of Puerto Rico, Inc.*, 322 F. Supp. 3d 279, 283–84 (D.P.R. 2018) (*citing Vázquez-Filippetti v. Banco Popular de Puerto Rico*, 504 F.3d 43, 49 (1st Cir. 2007)). In this case, the parties dispute whether Defendants (1) breached the applicable duty of care and (2) whether any such breach was the proximate cause of Plaintiff's injury.

### A. Breach of Duty

The instant case presents a claim of negligence sounding in premises liability. *See Vázquez-Filippetti*, 504 F.3d at 50 (describing "claims based on allegedly dangerous conditions on commercial property" as "premises liability claims"). The Puerto Rico Supreme Court has held that, in premises liability actions, "the owner or operator of a

commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons." *Márquez v. Casa de España de Puerto Rico*, 59 F. Supp. 3d 409, 414 (D.P.R. 2014) (citing *Sociedad de Gananciales c/p Hernández-López v. González Padín Co.*, 117 D.P.R. 94, 104 (P.R. 1986)).[5] A person who is invited onto a property for commercial purposes is considered a "business invitee." *See, e.g., Cotto v. Consol. Mutual Ins. Co.*, 16 P.R. Offic. Trans. 786, 793 (P.R. 1985) (holding that a person or company that "runs a business for profit" has a duty to exercise reasonable care to ensure that business premises are safe for "business visitors"); *Mas v. United States*, 984 F.2d 527, 528 (1st Cir. 1993) (summarizing cases involving "business invitees" and noting the "universal legal principle" in Puerto Rico that "store owners *must* maintain their store in a safe condition for any person induced to enter"). Business invitees are "undeniably" owed "a duty of reasonable care." *Calderón-Ortega v. United States*, 753 F.3d 250, 252 (1st Cir. 2014) (citing *Cotto v. Consol. Mutual Ins. Co.*, 116 D.P.R. 644 (P.R. 1985)). Unlike mere licensees, who are "required . . . to be on the alert for possible defects," business invitees are "entitled . . . to assume that proper care [has] been exercised to make the premises safe for [them]." *See Casa de España*, 59 F. Supp. 3d at 414 (citing *Goose v. Hilton Hotels Int'l, Inc.*, 79 D.P.R., 523 (P.R. 1956)).

---

[5] Plaintiff argues that, as a "hotel" providing lodgings to Plaintiff, Defendants were required to observe a heightened duty of care. *See* (**ECF 44 at 9**). It is true that in Puerto Rico so-called "innkeepers" are required to conform to a heightened duty of care. Puerto Rico law defines an "innkeeper" as "any person, firm, corporation, or other type of business organization, engaged for profit, in the operation of a hotel, and […] shall include the officers, agents, and employees of such [entity], unless the context otherwise requires[.]" 10 L.P.R.A. § 711(b). The statute defines a "Hotel" as "any place of shelter operated for profit" but limits the term to commercial establishments that provide "fifteen (15) or more bedrooms[.]" *Id*. Because there is no evidence in the record indicating that Defendants offer rentals for "fifteen or more bedrooms" at the rental premises in question, the Court analyzes the "breach of duty" element under the ordinary "reasonable care" standard. Compare *Situ v. O'Neill*, 124 F. Supp. 3d 34, 43 (D.P.R. 2015) (noting that, in a premises liability action, "the owner of a hotel and its operators owe their guests a heightened duty of care and protection") with *Vázquez-Filippetti*, 504 F.3d at 49 (applying "the general rule that one must act as would a prudent and reasonable person under the circumstances" in a premises liability action involving a defendant who was not an innkeeper).

To prove that a defendant breached his or her duty to exercise reasonable care, a plaintiff "must show that the injury was reasonably foreseeable (and, thus, could have been avoided had the defendant acted with due care)." *Calderón-Ortega,* 753 F.3d at 252 (citations and quotations omitted). In other words, the question presented by this case is whether Defendants failed to exercise reasonable care to maintain the rental property in question by subjecting Plaintiff to an unsafe condition on the premises about which Defendants "knew or should have known." *See Vázquez-Filippetti*, 504 F.3d at 50 (holding that plaintiffs alleging that the owner of a business negligently caused harm to a visitor typically must show that the defendant "knew or should have foreseen the risks created by the condition.").

"Puerto Rico law recognizes two distinct types of breaches in premises liability cases: negligent design and negligent maintenance." *Martínez-Suárez v. Mansiones de Garden Hills Apartments*, 556 F. Supp. 3d 1, 15 (D.P.R. 2021).[6] Here, as in *Cedeño-Nieves*, "Plaintiff does not specify a theory of Defendants' alleged breach." *Cedeño-Nieves v. Aerostar Airport Holdings LLC*, 251 F. Supp. 3d 360, 367 (D.P.R. 2017). In fact, the parties to this case do not appear to appreciate the distinction between negligent design and negligent maintenance actions, as neither party expressly refers to the distinction in any of the filings before the Court.[7] Instead, Plaintiff appears to advance alternative

---

[6]     This District has previously described the distinction between negligent design and negligent maintenance actions as follows:
> In a negligent maintenance case, breach of the duty of care arises from defendant's lack of upkeep on the premises. For instance, defendant failed to mop up a spill or replace burned-out lightbulbs. In a negligent design case, by contrast, breach of the duty of care arises from defendant's failure to create a safe environment in the first instance. For example, defendant's property had flaws such as excessively steep stairs or a balcony with no guardrail. The danger in these cases—rather than arising from a lack of upkeep—arises from the intended design.

*Cedeño- Nieves v. Aerostar Airport Holdings LLC*, 251 F. Supp. 3d 360, 367 (D.P.R. 2017).

[7]     While Plaintiff identifies that this is a premises liability action and cites to *Vázquez-Filippetti*, 504 F.3d at 50, the seminal First Circuit case setting forth the distinction between negligent design and negligent

theories of breach under both negligent design and negligent maintenance. *See, e.g.*, (**ECF No. 44 at 11**) (referring to the purported cause of Plaintiff's injury as "inadequate master bedroom furniture and/or its upkeep."). Here, as in *Cedeño-Nieves*, the alleged defect "could be a result of negligent maintenance […] or negligent design[.]" 251 F. Supp. 3d at 367. Because neither party has raised any arguments that distinguish between "negligent design" and "negligent maintenance" actions, the Court declines to address whether Plaintiff has made out a negligent design claim or merely a claim for negligent maintenance.

A thorough review of the record shows that Plaintiff has raised a genuine dispute of fact as to whether her injury was caused by "risky conditions" inside the rental property "that the owner knew or should have known existed." *Vázquez-Filippetti*, 504 F.3d 43 at 50 (quotations and citations omitted). As noted above, in Puerto Rico, "[b]efore liability may be imposed . . . the plaintiff must show that his or her injury was reasonably foreseeable." *Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 951 F. Supp. 1028, 1038 (D.P.R. 1996), aff'd, 124 F.3d 47 (1st Cir. 1997). Viewing the evidence in a light most favorable to the Plaintiff, *Cochran*, 328 F.3d at 6, there is no doubt that a jury could conclude that "a reasonable inspection" would have uncovered the alleged flaws in the bed frame, and that those alleged flaws formed an "unreasonable risk" of foreseeable harm to guests. *Mas v. United States*, 784 F. Supp. 945, 948 (D.P.R. 1992) (quoting *Goose v. Hilton Hotels Int'l, Inc.*, 79 D.P.R. 523 (P.R. 1956)). Here, Plaintiff has presented evidence that the bed frame in question had "a split between the corner woods . . . [and]

---

maintenance actions, Plaintiff cites to that case to support a different legal proposition. (**ECF 44 at 6–7**). Defendants, for their part, fail to engage with the concept of "premises liability" and appear to concede the issue of breach altogether, arguing that Plaintiff "failed to establish the proximate cause of Defendant's breach of duty." (ECF No. 39 at 7). The Court presumes that Defendants' inartful choice of words was not intended as a waiver of their arguments regarding breach of duty.

had small pieces of laminate missing and felt very sharp to the touch." (**ECF No. 44-2 at 1 ¶¶ 7–8**). In addition, Plaintiff produced pictures of the bed frame in question, (**ECF No. 44-1**), as well as medical reports that indicate Plaintiff sustained a "deep wound" when she collided with the bed frame. (**ECF No. 44-3 at 2**). The facts that the Plaintiff stated in her deposition that she had not noticed "anything unusual about the bed frame before the incident[,]" (**ECF No. 39-2 at 36:5–9**), that the bed frame "was more of a round edge" compared to the bed frame in Plaintiff's own home, *id*. at 37:15–18, and that at the time of the incident she "couldn't see" whether the bed had "any sharp edges or protrusions," *id*. at 36:10–17, do not create an "undisputed" fact that the bed was safe. As an invitee, Plaintiff was not required to be on alert for possible defects but rather was "entitled . . . to assume that proper care [had] been exercised to make the premises safe for [her]." *Casa de España*, 59 F. Supp. 3d at 414. The condition of the bed is a fact-intensive question suitable for trial: since the Court is not authorized to assess the credibility or gauge the weight of this evidence, summary judgment is not warranted. *Pina*, 740 F.3d at 802. The Court finds that a reasonable jury could find that a broken piece of furniture with "very sharp" edges constitutes a "risky condition" about which the owner of a rental unit "knew or should have known" when they were offering the premises as a short-term rental to guests. (**ECF No. 44-2 at 1 ¶ 8**); *Vázquez-Filippetti*, 504 F.3d at 50. As such, viewing the record in a light most favorable to the Plaintiff, the Court finds that Plaintiff has raised a triable issue of fact.

### B. Proximate Causation

In the pending motion for summary judgment, Defendants also argue that Plaintiff "has failed to establish the proximate cause of Defendant's breach of duty."[8] The Court disagrees.

In order to prove that a defendant's breach of duty was the "proximate cause" of her injuries, the plaintiff must establish that a defendant's acts or omissions created a reasonably foreseeable risk of harm to the plaintiff. *Vázquez-Filippetti*, 504 F.3d at 49; *see also* 31 L.P.R.A. § 3022 ("No one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares."). "In negligence cases, determinations of foreseeability and of whether a defendant acted reasonably fall within the province of the jury." *Chapman v. E.S.J. Towers, Inc.*, 803 F. Supp. 571, 573 (D.P.R. 1992). As such, "a court should be cautious in using the summary judgment device to dispose of such cases." *Id.*

The First Circuit has previously noted "the overlapping significance of foreseeability to both the breach of duty and proximate cause elements of a tort claim":

> Once a plaintiff has demonstrated that the defendant was negligent (meaning that the defendant breached its duty of care), she must then demonstrate that the defendant's negligence was the proximate cause of her injuries. Foreseeability is also a component of the proximate cause analysis, which has two sub-elements: actual cause and foreseeability. A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions. *See Malavé-Félix v. Volvo Car Corp.*, 946 F.2d 967, 971–72 (1st Cir. 1991). Foreseeability, therefore, is relevant to both of these elements of a tort claim. A plaintiff might rely on similar, or even identical, factual evidence to carry her burden on both elements, but they remain distinct legal concepts.

---

[8] As noted above, the Court presumes that Defendants' inartful choice of words was not intended as a waiver of their arguments regarding breach of duty.

*Vázquez-Filippetti*, 504 F.3d at 56 n.6, n.9. As detailed above, viewing the evidence in the record in the light most favorable to the non-moving party, the Plaintiff has raised a genuine dispute of material fact as to whether the purported condition of the bed frame was a reasonably foreseeable cause of her injuries. There is no question that, if proven true, a reasonable jury could find that the facts alleged by Plaintiff establish that the bed frame was in such a defective and dangerous condition that its "very sharp" edges posed a reasonably foreseeable risk of harm to guests. (**ECF No. 44-2 at 1 ¶ 8**). As such, Plaintiff has raised a genuine dispute of material fact as to the element of proximate causation.

## V.    Conclusion

For the reasons set forth above, the Court finds that there is a genuine dispute of material fact in this matter. Defendants' Motion for Summary Judgment is accordingly **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of February, 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**